UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAVID WILLIAM BOONE COTTRELL,

Plaintiff,

v.                                    CAUSE NO. 3:19CV679-PPS/MGG

QUALITY CARE, et al.,

Defendants.

OPINION AND ORDER

David William Boone Cottrell, a prisoner without a lawyer, filed an amended

complaint (ECF 4-4) against five defendants alleging that he received inadequate

medical care for a foot injury. A filing by an unrepresented party "is to be liberally

construed, and a pro se complaint, however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28

U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief.

Cottrell, who is currently housed at the Marshall County Jail, asserts that at the

time of his arrest, he sustained an injury to his back. (ECF 4-4 at 2.) As a result of the

injury, his legs become numb while he is lying down or sitting in certain positions. (*Id.*)

Cottrell states that he notified the jail and medical staff about the injury and requested a

bottom bunk, but his request was denied. (*Id.*)

On February 6, 2019, when Cottrell was getting out of his top bunk, he fell and injured his foot. (*Id.*) His cellmates notified the jail staff about his injury. (*Id.*) Cottrell claims, however, that he had to wait two and one-half hours before anyone responded. (*Id.*) Cottrell claims that he was "forced to hobble on one foot to the front of the jail" for treatment even though there was a wheelchair he could have used. (*Id.*) He states that Nurse Mary Loftus told him the wheelchair did not belong to him and he could not use it. (*Id.*) Nurse Loftus told him he had to hobble even though he had just sustained a painful injury. (*Id.*) He states he requested pain medication but was told he would need to purchase it from the commissary even though he was indigent. (*Id.* at 3.)

On February 7, 2019, Cottrell asserts that he had x-rays of his foot, which were taken on an outdated x-ray machine. (*Id.*) He was told that his foot was not broken. (*Id.*) He claims that Nurse Loftus told him that she read the x-rays; however, she also told him she was not qualified to read them. (*Id.*) Cottrell asked to read the x-rays himself and asked if the x-rays could be read by a licensed, qualified person. (*Id.*) Cottrell states Nurse Loftus told him he had ligament and tendon damage to his foot. (*Id.*) He claims he received a "false" diagnosis because an MRI was not done. (*Id.*)

In sum, Cottrell asserts that he did not receive proper treatment for his foot injury and was placed in general population without a brace or crutches, which caused him to fall down on numerous occasions. (*Id.* at 3.) He claims his medical treatment was constitutionally inadequate because his foot was painful, and he suffered for four to five weeks during which he had to hobble around on one foot. (*Id.*)

Cottrell's constitutional rights "as a pretrial detainee are derived from the Due Process Clause of the Fourteenth Amendment." *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015). "[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley*." *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Henderickson*, 135 S.Ct. 2466, 2472 (2015)). The inquiry for assessing a due process challenge to a pretrial detainee's medical care entails two steps. *Id.* at 353. The first step, which focuses on the intentional conduct of the defendants, "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [the plaintiff's] case." *Id.* A showing of negligence or even gross negligence will not suffice. *Id.* The second step asks whether the challenged conduct was objectively reasonable. *Id.* at 354. This requires a court to "focus on the totality of facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *McCann v. Ogle Cty., Ill.*, 909 F.3d 881, (7th Cir. 2018).

The objective reasonableness standard requires more than medical malpractice and "the state-of-mind-requirement for constitutional cases remains higher." *Miranda*, 900 F.3d at 353. Here, additional fact-finding may demonstrate that the medical care Cottrell received for his foot injury was objectively reasonable, but giving him the inferences to which he is entitled at this stage of the case, he has stated a claim against Nurse Loftus for inadequate medical care under the Fourteenth Amendment.

3

Furthermore, Cottrell has sued Quality Correctional Care, Dr. Tchapchet, and Bo Holcomb, but he never mentions any of these defendants in his amended complaint. He has also sued Marshall County Jail; however, the Marshall County Jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Thus, he cannot proceed against any of these defendants.

ACCORDINGLY, the court:

(1) GRANTS David William Boone Cottrell leave to proceed against Nurse Mary Loftus in her individual capacity for compensatory and punitive damages for failing to provide him with constitutionally adequate medical care for his foot injury, as required by the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Quality Correctional Care, Dr. Tchapchet, Bo Holcomb, and Marshall County Jail;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Nurse Mary Loftus at the Marshall County Jail with a copy of this order and amended complaint (ECF 4-4), pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Nurse Mary Loftus respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 12, 2020.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT